UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ERYN LEARNED, RHETT FUSSELL, DENNIS MONTALBANO, IRIS SHEEHAN, and DOUGLAS SHEETS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE MCCLATCHY COMPANY,<br><br>Defendant. | Case No. 0:23-mc-00007<br><br>**PLAINTIFFS' MOTION TO COMPEL** |

On October 12, 2022, Plaintiffs in *Kelly et al. v. The McClatchy Co.*, 2:21-cv-01960 DAD-JDP (E.D. Cal.) (since re-captioned *Learned et al. v. The McClatchy Co.*) issued a subpoena pursuant to Fed. R. Civ. P. 45 to A Marketing Resource LLC ("Marketing Resource"), a Minnesota-based company, seeking the production of the documents identified in the Schedule A attached to the subpoena. *See* Borrelli Decl., Ex. A. That subpoena was served on Marketing Resource on October 12, 2022. *Id.*, Ex. B. Marketing Resource has entirely failed to respond to the subpoena, in violation of Rule 45. Plaintiffs ask the Court to compel Marketing Resource to respond to her subpoena and produce the requested documents.

"A subpoena is a lawfully issued mandate of the court issued by the clerk thereof. It is the responsibility of every citizen to respond to this mandate… and it is within the court's power to force that response." *Fisher v. Marubeni Cotton Corp.*, 526 F.2d 1338, 1340–41 (8th Cir. 1975) (citations omitted). "Pursuant to a subpoena, a non-party can be compelled to produce evidence regarding any matter relevant to the claim or defense of any party, unless a privilege applies." *United States v. R.J. Zavoral & Sons, Inc.*, No. 12-CV-668 (MJD/LIB), 2014 WL 12756820, at *3 (D. Minn. Jan. 17, 2014) (citation omitted). Here, Plaintiffs properly issued and served a subpoena

1

Case 2:23-mc-00054-DAD-JDP   Document 1   Filed 01/19/23   Page 2 of 4

seeking documents relevant to their claims in the underlying action and received no response, and therefore "may move the court for the district where compliance is required for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B)(i).[1] Marketing Resource should be compelled to comply with Plaintiffs' subpoena.

The underlying case alleges that McClatchy violated the Telephone Consumer Protection Act by making calls to Plaintiffs, whose telephone numbers are on the National Do Not Call List, or who have asked to not be contacted by McClatchy. *See generally Learned*, Doc. 53 (First Amended Complaint). Marketing Resource is a vendor used by McClatchy to initiate telemarketing calls. *See* Borrelli Decl., Ex. C (McClatchy's Initial Disclosures in the *Learned* case). Thus, Plaintiffs' subpoena to Marketing Resource seeks documents related to Marketing Resource's telemarketing calls made on behalf of McClatchy or its predecessor entity, which are certainly relevant to Plaintiffs' claims. *See* Borrelli Decl., Ex. A.

Marketing Resource's failure to provide any response to the subpoena violates Rule 45, which provides that refusal to comply with a properly served subpoena can result in a contempt finding. Rather than seeking a contempt finding, Plaintiffs first ask that the Court enter an order compelling Marketing Resource to comply with Plaintiffs' subpoena. Therefore, Plaintiffs respectfully request that their motion to compel be granted.

Date: January 19, 2023                          TURKE & STRAUSS LLP

                                                By:  */s/ Raina C. Borrelli*
                                                     Raina C. Borrelli
                                                     raina@turkestrauss.com
                                                     613 Williamson St., Suite 201
                                                     Madison, WI 53703
                                                     Telephone: (608) 237-1775

---

[1] Plaintiffs will serve a copy of this motion on Marketing Resource, consistent with Rule 45.

2

Facsimile: (608) 509-4423

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

  I, Raina C. Borrelli, hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record via the ECF system.

DATED this 19th day of January, 2023.

            TURKE & STRAUSS LLP

            By: */s/ Raina C. Borrelli*
               Raina C. Borrelli
               sam@turkestrauss.com
               TURKE & STRAUSS LLP
               613 Williamson St., Suite 201
               Madison, WI 53703
               Telephone: (608) 237-1775